JOSEPH C. JENERETTE,

      Plaintiff,

    v.

AMAZON LLC,

      Defendant.

Civil Action No. 3:26-cv-525

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Amazon.com Services LLC ("Defendant" or "Amazon")[1] removes this civil action from the General Court of Justice, Superior Court Division for Mecklenburg County, North Carolina (the "State Court") to the United States District Court for the Western District of North Carolina, Charlotte Division. This Notice is based upon federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. In support of this Notice of Removal, Amazon states as follows:

## PLEADINGS, PROCESS, AND ORDERS

1. On June 8, 2026, Plaintiff Joseph C. Jenerette ("Plaintiff") filed a Complaint in the Superior Court of Mecklenburg County, North Carolina, titled *Joseph C. Jenerette v. Amazon LLC*, Case No. 26CV031645590 (the "State Court Action").

2. Amazon has not appeared in this matter in Mecklenburg County or otherwise waived its right to remove this matter to this Court.

3. 28 U.S.C. § 1446(a) requires the removing party to include with its notice of removal "a copy of all process, pleadings, and orders served upon such defendant . . . in such

---

[1] Incorrectly identified in the Complaint as "Amazon LLC" a nonexistent entity. Plaintiff's former employer and the correct legal entity name for the same is "Amazon.com Services LLC". Defendant requests the case caption is revised to name the correct defendant.

action." True and correct copies of the Summons and Complaint served on Defendant, and the other documents filed in the State Court are attached hereto as Exhibit A and constitute all process, pleadings, and orders filed in the State Court to the present date. 28 U.S.C. § 1446(a).

## TIMELINESS OF REMOVAL

4.      28 U.S.C. § 1446(b) provides that a notice of removal is "to be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." This Court has explained, "[a]lthough it is without question that a defendant may be deemed to have waived his right to remove an action under § 1446 by failing to act within thirty days from service of the complaint, the fact that this time period had not yet begun to run does not prohibit the defendant from exercising his right to remove." *King v. United Way of Cent. Carolinas, Inc.*, No. 3:09cv164, 2009 U.S. Dist. LEXIS 68401, *9 (W.D.N.C. Aug. 5, 2009).

Plaintiff identified Amazon LLC, a nonexistent entity, on the Complaint and Civil Summons and sent a copy of the Complaint and Summons via certified mail to 440 Terry Ave., Seattle, Washington 98109, the address of Amazon.com Services LLC's headquarters. Plaintiff served a copy of the Complaint and Summons on June 8, 2026. Defendant timely removes this action from the State Court to this Court.

## VENUE

5.      Plaintiff filed the Complaint in Mecklenburg County, North Carolina. The United States District Court for the Western District of North Carolina, Charlotte Division embraces the location where the State Court Action is pending. 28 U.S.C. § 113(c). This Notice of Removal is properly filed in this District. *See* 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.")

- 2 -

## JURISDICTIONAL REQUIREMENTS

6.      The U.S. Supreme Court has confirmed that the notice of removal need only contain "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U. S. C. §1446(a)). A defendant does not need to submit evidence to support a notice of removal. *Id.* at 84.

7.      This Court has jurisdiction over this matter on two independent bases: (1) federal question jurisdiction pursuant to 28 U.S.C. § 1331 and (2) diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## FEDERAL QUESTION JURISDICTION

8.      Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

9.      The Complaint alleges that Amazon violated "my Americans with Disabilities Act," (Compl. ¶ 4(A)). Based on Plaintiff's allegations, he asserts a claim for disability discrimination under 42 U.S.C. § 12101 (the "ADA"), which is a law of the United States. Because Plaintiff's Complaint invokes the ADA, a federal statute, the Court has federal question jurisdiction over this matter. 28 U.S.C. § 1331.

## DIVERSITY JURISDICTION

10.     This action is within the original jurisdiction of the United States district courts because the parties are "citizens of different states" and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a).

   **a.      The Parties Are Diverse.**

11.     Amazon.com Services LLC is a citizen of Delaware and Washington and is not a citizen of North Carolina. Amazon.com Services LLC is a limited liability company formed under the laws of the State of Delaware with its principal place of business in Seattle, Washington. "For

purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members." *Central W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004)). Amazon.com Services LLC's sole member is Amazon.com Sales, Inc., which is incorporated in Delaware and headquartered in Washington.

12.     A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. . . . [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Hertz Corp. v. Friend*, 559 U.S. 78, 92-93 (2010) (internal quotations omitted). Amazon.com Sales, Inc. is a corporation incorporated in Delaware with its corporate headquarters located in Seattle, Washington. All of Amazon.com Sales, Inc.'s primary executive, administrative, financial, and management functions are in Washington, where its corporate officers direct, control, and coordinate its activities.

13.     Amazon.com Sales, Inc. is a citizen of Delaware and Washington. *Id.*; 28 U.S.C. § 1332(c)(1). Thus, Amazon.com Services LLC is a citizen of Delaware and Washington, not North Carolina. *Central W. Va. Energy Co.*, 636 F.3d at 103.

14.     Accordingly, Defendant has established there is complete diversity of citizenship between Plaintiff and Defendant.

- 4 -

### b. The Amount in Controversy Exceeds $75,000.

15. While Defendant denies any liability to Plaintiff, "[t]he key inquiry in determining whether the amount-in-controversy requirement is met is not what the plaintiff will actually recover but an estimate of the amount that will be put at issue in the course of the litigation." *Scott v. Cricket Communications, LLC,* 865 F.3d 189, 196 (4th Cir. 2017) (internal quotations and citation omitted).

16. If diversity of citizenship, under 28 U.S.C. § 1332(a), provides the grounds for removal, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . .". 28 U.S.C. § 1446(c)(2).

17. Here, Plaintiff seeks three hundred thousand dollars ($300,000) in damages on the face of the Complaint. (Compl. at 2.)

18. "The amount claimed in the complaint controls when assessing the amount in controversy, unless it appears to a 'legal certainty' on the face of the complaint that the claim is for less than the jurisdictional amount." *Lunsford v. Cemex, Inc.*, 733 F.Supp.2d 652, 657 (M.D.N.C. 2010) (citation omitted).

19. The amount in controversy exceeds the amount required to establish diversity jurisdiction under 28 U.S.C. §§ 1441(b), 1332, 1446(a), (c)(2)(B). *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89 ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").

20. As such, diversity jurisdiction exists, and this action is removable under 28 U.S.C. § 1441(b).*McDonald v. Patton*, 240 F.2d 424, 425 (4th Cir. 1957) ("It is the firmly established

general rule of the federal courts that the plaintiff's claim is the measure of the amount in controversy and determines the question of jurisdiction; and it is indisputably the law that if the ultimate recovery is for less than the amount claimed, this is immaterial on the question of jurisdiction.") *Brown v. Brown*, No. 3:23-CV-00230-FDW-SCR, 2023 U.S. Dist. LEXIS 176331, \*11 (W.D.N.C. Sep. 29, 2023) ("Generally, the amount claimed by the plaintiff in good faith controls the amount in controversy determination.") (citing *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) ("Courts generally determine the amount in controversy by reference to the plaintiff's complaint.").

**NOTICE TO STATE COURT AND ADVERSE PARTY**

21.     Pursuant to 28 U.S.C. § 1446(d), a "Notice to State Court of Filing Notice of Removal" and a copy of this Notice of Removal are being contemporaneously filed with the State Court and served on *pro se* Plaintiff. Attached as Exhibit B is a true and correct copy of the "Notice to State Court of Filing Notice of Removal" (without exhibits).

**RESERVATION OF RIGHTS**

22.     If this Court is inclined to remand this action, Defendant requests that the Court issue an order to show cause why the case should not be remanded, allowing the parties an opportunity to present proper briefing and argument before any possible remand. Because a remand order is not subject to appellate review, such procedure is appropriate.

23.     Defendant does not waive any defense, nor does it intend to waive any defense in filing this Notice of Removal.

- 6 -

**CONCLUSION**

Amazon.com Services LLC removes this action from the General Court of Justice, Superior Court Division in Mecklenburg County, North Carolina, to this Court, and requests that this Court assume full jurisdiction over this matter.

Dated: July 1, 2026

*Jasmine R. Little*
Jasmine R. Little, Bar No. 55763
jlittle@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

Michael A. Chichester, Jr., Bar No. P70823
(*Pending Admission Pro Hac Vice*)
mchichester@littler.com
LITTLER MENDELSON, P.C.
500 Woodward Ave., Suite 2600
Detroit, Michigan 48226
Telephone: 313.446.6400
Facsimile: 313.446.6405

*Attorneys for Defendant Amazon.com Services LLC*

- 7 -

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 1, 2026, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, and served the same upon the following *Pro Se* Plaintiff via U.S. Mail, first class, proper postage affixed thereto and addressed as follows:

Joseph C. Jenerette
6010 Cedarwood Point Circle, Apt. 105
Charlotte, NC 28215
Tel: (980) 200-3470

*Pro Se Plaintiff*

<u>*/s/ Jasmine R. Little*</u>
Jasmine R. Little, Bar No. 55763
jlittle@littler.com
LITTLER MENDELSON P.C.
620 South Tryon St, Suite 950
Charlotte, NC  28202
Telephone:704.972.7000
Facsimile: 704.333.4005

Michael A. Chichester, Jr., Bar No. P70823
(*Pending Admission Pro Hac Vice*)
mchichester@littler.com
LITTLER MENDELSON, P.C.
500 Woodward Ave., Suite 2600
Detroit, Michigan 48226
Telephone: 313.446.6400
Facsimile: 313.446.6405

*Attorneys for Defendant Amazon.com Services LLC*

- 8 -